IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL HAZLETT,**
Petitioner,

v.  Civil Action No. 2:05CV49
(JUDGE MAXWELL)

**DOMINIC GUTIERREZ,**
Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On June 13, 2005, the *pro se* petitioner, Michael Hazlett, an inmate at FCI-Morgantown, initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. In the petition, he asserts that he was improperly found ineligible for a sentence reduction under the Residential Drug Abuse Program ["RDAP"]. This matter is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

### II. THE PETITION

On June 29, 2004, the petitioner pleaded guilty in the United States District for the Northern District of Ohio and was sentenced to 51 months imprisonment for conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B) and being a felon in possession of a firearm in violation of 19 U.S.C. §924(a)(2). On July 21, 2004, he reported to FCI-Morgantown. While at FCI-Morgantown, he participated in the Bureau of Prisons 500 hour Residential Drug Program. However, he has been deemed ineligible for early release due to his conviction under 18 U.S.C. 922(g). Dissatisfied with this result, the petitioner filed the instant

petition asserting the following ground for relief:

1. The decision that he is ineligible for early release violates 65 FR 80745 because he was not convicted of a crime of violence.

### III. ANALYSIS

Title 18, section 3621(e) of the United States Code provides that an "[i]ncentive for prisoners' successful completion of [the] treatment program," is that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." § 3621(e)(2)(B); see also 28 C.F.R. §550.58.

"While eligibility for early release under §3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute expressly vests the Bureau of Prisons with broad discretion to grant or deny sentence reductions to eligible prisoners. See 18 U.S.C. § 3621(e)(2)(B) ("[T]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons") (emphasis added)." Pelissero v. Thompson, 170 F. 3d 442, 444 (4th Cir. 1999).

An inmate seeking review of a denial of early release eligibility must follow the administrative review process set forth in Section 542, Title 28, C.F.R., which is a mandated a four-step administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel.

The petitioner acknowledges that he did not present his claim for administrative action

because "the BOP position is etched in stone and would be completely futile." Although courts have used futility as excusing an inmates's failure to exhaust his administrative remedies[1], the petitioner herein as provided no authority that would excuse exhaustion of administrative remedies before challenging a denial of early release under the RDAP. The failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

---

[1] For instance, a number of courts have found that requiring inmates to challenge the BOP's policy regarding calculation of GCT through the administrative process would be futile. See, e.g., Hendershot v. Scibana, 2004 WL 2009241 (W.D.Wis. 2004) and Martinez v. Wendt, 2003 WL 22456808 (N.D.Tex. 2003) (Mag. Report and Recommendation), adopted by 2003 WL 22724755 (N.D.Tex. 2003).

3

*pro se* petitioner.

DATED: February 24, 2006

*/s/ John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE