# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL HAZLETT,**

      **Petitioner,**

v.                                                  **2:05 CV 49**
                                                                  **(Maxwell)**

**DOMINIC GUTIERREZ,**

      **Respondent.**

## ORDER

It will be recalled that on June 13, 2005, *pro se* Petitioner Michael Hazlett, a federal prisoner incarcerated at FCI-Morgantown in Morgantown, West Virginia, instituted the above-styled civil action by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

After conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued a Report And Recommendation on February 24, 2006, wherein he recommended that the Petitioner's § 2241 Petition be denied and dismissed without prejudice for failure to exhaust administrative remedies.

In his Report And Recommendation, Magistrate Judge Kaull provided Mr. Hazlett with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised Mr. Hazlett that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to Magistrate Judge Kaull's February 24, 2006, Report And Recommendation have been filed by Mr. Hazlett and that this matter is now ripe for review.

Upon consideration of Magistrate Judge Kaull's February 24, 2006, Report and Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge John S. Kaull on February 24, 2006, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED** and **DISMISSED**, **without prejudice**, for failure to exhaust administrative remedies, and **STRICKEN** from the Court's docket. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the

---

[1] The failure of a party to file an objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** July   25  , 2008

/S/ **Robert E. Maxwell**
United States District Judge